AO 442

1398324

# United States District Court
## SOUTHERN DISTRICT OF CALIFORNIA

**FILED**

**Jun 02, 2026**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

V.

Anthony Meza-Solis

## WARRANT FOR ARREST

Case No.: 1:26-mj-00066-FJS

**Case Number:** 22-cr-00791-GPC-1

## NOT FOR PUBLIC VIEW

To:    The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest        Anthony Meza-Solis

Name

and bring him or her forthwith to the nearest magistrate to answer a(n)

☐ Indictment    ☐ Information    ☐ Complaint    ☐ Order of Court    ☐ Violation Notice    ☒ Probation Violation Petition

☐ Pretrial Violation

charging him or her with  (brief description of offense):
See above

In violation of Title _____ See Above _____    United States Code, Section(s) _____

RECEIVED U.S. MARSHALS-S/CA 2024 OCT 29 PM 4:0

| | |
|---|---|
| John Morrill | Clerk of the Court |
| Name of Issuing Officer | Title of Issuing Officer |
| s/ S. Tweedle | 10/29/2024 San Diego, CA |
| Signature of Deputy | Date and Location |

Bail fixed at $ _____ No Bail _____    by _____ The Honorable Gonzalo P. Curiel _____

Name of Judicial Officer

| RETURN | |
|---|---|

This warrant was received and executed with the arrest of the above-named defendant at _____

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

Case 3:22-cr-00791-GPC    Document 40 (Court only)    Filed 10/29/24    PageID.135
Page 1 of 6
Case 1:26-mj-00066-FJS    Document 1    Filed 06/02/26    Page 2 of 5

PROB 12C
(06/17)

October 24, 2024
pacts id: 7944733

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Anthony Meza-Solis (English)                    **Dkt. No.:** 22CR00791-001-GPC

**Reg. No.:** 90883-509

**Name of Sentencing Judicial Officer:** The Honorable Gonzalo P. Curiel, U.S. District Judge

**Original Offense:** 18 U.S.C. § 758, High Speed Flight from Immigration Checkpoint, a Class D felony

**Date of Sentence:** August 29, 2022

**Sentence:** Time served, three years' supervised release *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Modification:** On August 14, 2023, conditions were modified to include travel to Mexico with approval from the Court or probation officer.

**Type of Supervision:** Supervised Release        **Date Supervision Commenced:** August 29, 2022

**Asst. U.S. Atty.:** Katherine Elizabeth Anne McGrath Erlandson        **Defense Counsel:**  Crystal Dawn

(Appointed)
619-346-4226

**Prior Violation History:** Yes. See prior correspondence.

## PETITIONING THE COURT
## TO ISSUE A NO-BAIL BENCH WARRANT

PROB12(C)
Name of Offender: Anthony Meza-Solis                                    October 24, 2024
Docket No.: 22CR00791-001-GPC                                                  Page 2

The probation officer believes that the offender has violated the following condition(s) of supervision:

<table>
<tr><td><u>CONDITION(S)</u></td><td><u>ALLEGATION(S) OF NONCOMPLIANCE</u></td></tr>
<tr><td><b>(Mandatory Condition)</b><br>Not commit another federal, state, or local crime.</td><td>1. On or about July 13, 2024, Mr. Meza-Solis, committed Battery on a Person, in violation of California Penal Code § 242, a misdemeanor, as evidenced by Riverside County Sheriff's Department Incident Report No. Y-242950050</td></tr>
</table>

*Grounds for Revocation:* As to Allegation 1, on July 13, 2024, the offender was arrested by the Riverside County Sheriff's Department for California Penal Code § 242, Battery on Person, a misdemeanor. According to the arrest report, deputies were dispatched to the offender's residence after his mother, Beatriz Solis called to report that the offender was physically abusive towards her. Ms. Solis stated that the offender became angry that she would not allow him to borrow $400 or her vehicle. He kicked her twice in the back with his right leg. The first time he kicked Ms. Solis was when she was bending down to pick up her phone that the offender had thrown on the ground. The second time Mr. Meza-Solis kicked his mother was as she walked towards the front door in an attempt to leave of the house. Ms. Solis declined medical attention but desired prosecution. The offender was arrested and transported to John Benoit Detention Center, where he was cited and release. According to the Riverside County District Attorney's Office, charges will not be filed against Mr. Meza-Solis.

<table>
<tr><td><b>(Standard Condition)</b><br>If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.</td><td>2. On or about July 16, 2024, Mr. Meza-Solis failed to notify the probation officer of contact with the Riverside County Sheriff's Department.</td></tr>
</table>

*Grounds for Revocation:* As to Allegation 2, on October 24 ,2022, the Judgement and Commitment Order (J&C) was reviewed with Mr. Meza-Solis by the probation officer in the Central District of California. The conditions of supervision were read and explained to Mr. Meza-Solis, and he acknowledged that he fully understood the conditions, specifically that he notify the probation officer of any contact with a law enforcement officer within 72 hours. On July 13, 2024, Mr. Meza-Solis was arrested by Riverside County Sheriff's Department; however, he failed to notify the undersigned as directed.

Case 3:22-cr-00791-GPC    Document 40 (Court only)    Filed 10/29/24    PageID.137
Page 3 of 6
Case 1:26-mj-00066-FJS    Document 1    Filed 06/02/26    Page 4 of 5

PROB12(C)
Name of Offender: Anthony Meza-Solis                                    October 24, 2024
Docket No.: 22CR00791-001-GPC                                                  Page 3

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Mr. Meza-Solis commenced his term of supervised release in the Central District of California on August 29, 2022. Since the commencement of supervision, Mr. Meza-Solis has been brought before the Court on two previous occasions. During the recent arrest, the offender's mother believes he was going through a mental health crisis and became violent towards her, which resulted in her contacting law enforcement. Furthermore, the offender continues to reside in her home, and she is not opposed to him remaining in her residence. However, his unpredictable behavior remains a danger and concern. Furthermore, the Riverside County District Attorney's Office will not pursue the case and no charges will be filed.

In light of the above, Mr. Meza-Solis' adjustment to his term of supervised release is deemed poor.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Solis-Meza was born on November 11, 2003, in Indio, California. The offender has resided in Riverside County his entire life. Mr. Meza-Solis indicated that he was diagnosed with bipolar disorder approximately two years ago; however, he discontinued taking his prescription medication. Mr. Meza-Solis was sentenced without a presentence report; thus, records provided by Pre-Trial Services indicate no criminal history was found for Mr. Meza-Solis.

### SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 24 months. 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegation (Battery on a Person and Failed to Notify PO of Law Enforcement Contact) constitutes a Grade C violation. USSG §7B1.1(a)(3)(B), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category I (determined at the time of sentencing) establishes an **imprisonment range of 3 to 9 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG §7B1.3(c)(1), p.s.

Finally, if supervised release is revoked and a term of imprisonment is imposed, the court shall order that the term of imprisonment be served consecutively to any sentence of imprisonment the offender may be serving. USSG §7B1.3(f), p.s.

PROB12(C)
Name of Offender: Anthony Meza-Solis                                    October 24, 2024
Docket No.: 22CR00791-001-GPC                                                  Page 4

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of <u>24 months'</u> supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

## RECOMMENDATION/JUSTIFICATION

Upon the commencement of supervised release on August 29, 2022, the offender has been brought before the Court on one previous occasion. Recently, the offender has breached the trust of the Court by failing to adhere to the Court's terms and conditions of supervised release. His conduct is of extreme concern, given he committed battery against his mother. Consequently, it is believed a punitive sanction is appropriate to hold Mr. Meza-Solis accountable for his actions, reinforce the importance of abiding by the Court's order, for the breach of the Court's trust, and to deter further acts of noncompliance.

The undersigned respectfully recommends Mr. Meza-Solis be brought before Your Honor to answer for the aforementioned violation conduct and for the breach of the Court's trust. Should the violations of supervised release alleged herein be sustained, probation respectfully recommends a custodial sanction of six months. Additionally, it is recommended that a term of 24 months' supervised release be imposed, with the same terms and conditions as previously ordered and to include the following additional condition of supervised release:

*Enroll in and successfully complete a program of anger management counseling, as directed by the probation officer.*

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on: <u>October 24, 2024</u>

Respectfully submitted:
DANIEL J. KILGORE
CHIEF PROBATION OFFICER

by    _____
Tracy D. Huxman
Supervisory U.S. Probation Officer
(619) 409-5149

ar or fml